**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000026
27-MAY-2022
07:52 AM
Dkt. 63 SO**

NO. CAAP-21-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LK, Petitioner-Appellee,
v.
JB, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 19-1-2156)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

In this case involving a Petition for an Order for Protection (**Petition**) filed by Petitioner-Appellee LK (**LK**),[1] self-represented Respondent-Appellant JB (**JB**) appeals from an "Order Denying Motion for Relief from Judgment or Order Pursuant to Rule 60b(3) Fraud, 60b(4) the Judgment is Void and Motion to Stay Execution of Judgments and Order (FC-DA 19-1-2156) Pending

---

[1]  LK was represented in the proceedings below but is self-represented on appeal and did not file an answering brief.  Notwithstanding LK's failure to file an answering brief, the Hawaiʻi Supreme Court has expressed:

> [o]n appeal, appellants are required to convince the appellate tribunal that a reversible error occurred in prior proceedings.  If appellees offer no contradictory arguments, an appellant does not automatically prevail on a given point of error asserted.  Rather, when an appellee fails to respond, an appellant is required only to make a prima facie showing of error in order to obtain the relief sought.

Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 269, 172 P.3d 983, 1013 (2007)(citations omitted).

Hearing Pursuant to [Hawaiʻi Family Court Rules (**HFCR**)] 62(b)" (**Order Denying Rule 60(b) Motion**) entered on December 21, 2020, by the Family Court of the First Circuit (**Family Court**).[2]

On appeal, JB apparently contends: (1) the Family Court erred by failing to set aside a default against him although he appeared for a hearing two minutes after the default had been entered; and (2) LK failed to meet constitutional standing requirements because LK's description in the Petition of an incident is not concrete and particular.[3]

We resolve JB's points of error as follows and affirm.

JB's opening brief[4] does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28, including that it does not contain any record references as required by HRAP Rule 28(b)(3), and fails to set forth where in the record he objected to the Family Court's alleged errors or brought the errors to the court's attention as required by HRAP Rule 28(b)(4).  However, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Therefore, we address JB's points and arguments to the extent they can be discerned and we are able to address them.

---

[2]  The Honorable Rebecca A. Copeland presided.

[3]  In a section titled "questions on appeal" in his opening brief, JB states that "[t]he facts will prove an order of default was entered by a court . . . lacking personal jurisdiction and violated due process and thereby cannot yield an order of default."  However, JB's argument in his brief is that LK's Petition failed to meet constitutional standing requirements because it lacked a concrete and particular description of an alleged incident.

[4] On December 2, 2021, the appellate clerk entered a default notice informing JB that the time for filing the statement of jurisdiction and opening brief had expired.  However, rather than dismiss his appeal and given JB's self-represented status, the court subsequently entered an Order on December 23, 2021, construing JB's June 28, 2021 "Amended Brief Joinder of New Parties" as his opening brief.

**Point of error (1)**:  JB argues the Family Court erred in failing to withdraw a default against him although JB appeared for a hearing two minutes after the oral default was entered and he participated in the proceedings.  Although JB fails to provide a date for the hearing, his argument appears to be in reference to a December 17, 2019 hearing on the Petition, for which the Family Court minutes note that "calls for Respondent are preserved[,] Respondent is defaulted" and "Respondent appeared later."[5]  On the same date, December 17, 2019, the Family Court issued an Order For Protection.

JB did not appeal from the Order For Protection and thus we lack appellate jurisdiction to directly review that order.  This appeal is limited to review of the Order Denying Rule 60(b) Motion, which was filed a year later, on December 21, 2020.  We thus address JB's arguments on appeal in this context.

In his December 9, 2020 "Motion for Relief From Judgment or Order Pursuant to Rule 60b(3) Fraud, 60b(4) the Judgment is Void & Motion to Stay Execution of Judgments and Orders (FC-DA NO 19-1-2156) Pending Hearing Pursuant to HFCR 62(b)" (**Motion for Relief**), JB argued he was previously unaware of the default at the December 17, 2019 hearing and that the Family Court erred in defaulting him.

On appeal, JB fails to provide transcripts for the December 17, 2019 hearing and thus our review is limited in that we cannot directly determine what occurred during that hearing.  See Bettencourt v. Bettencourt, 80 Hawai‘i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (Citation and brackets omitted)).  Moreover, JB fails to assert why he is entitled to relief under HFCR Rule 60(b).  Thus, he does not establish error by the Family Court.  Moreover, we note that based on the record before us, the Family Court did not

---

[5]  The Honorable Natasha R. Shaw presided.

3

enter a written default against JB and the Order For Protection filed on December 17, 2019, states that JB was present in court for the hearing that same day.  In short, it does <u>not</u> appear the Family Court entered the Order For Protection based on JB having defaulted.

Accordingly, given the record before us, we conclude JB's first point of error is without merit.

**Point of error (2)**:  JB contends that LK failed to meet constitutional standing requirements because LK's description of an incident in the Petition is not concrete and particular.  <u>See</u> <u>Corboy v. Louie</u>, 128 Hawaiʻi 89, 104, 283 P.3d 695, 710 (2011) (explaining the requirements of constitutional standing).

As noted above, however, our appellate jurisdiction is limited in this appeal to reviewing the Order Denying Rule 60(b) Motion.  JB did not raise LK's purported lack of standing in his Motion for Relief, and thus, for purposes of this appeal that issue is waived.  To the extent JB seeks to have us directly review the Order For Protection, we lack appellate jurisdiction.

For the foregoing reasons, the December 21, 2020 Order Denying Rule 60(b) Motion entered by the Family Court is affirmed.

DATED:  Honolulu, Hawaiʻi, May 27, 2022.


On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge
JB,
Self-represented                    /s/ Keith K. Hiraoka
Respondent-Appellant                Associate Judge

                                    /s/ Sonja M.P. McCullen
                                    Associate Judge